Geza Korda v. Commissioner.
Korda v. Commissioner
Docket No. 5271-69.
United States Tax Court
T.C. Memo 1971-216; 1971 Tax Ct. Memo LEXIS 115; 30 T.C.M. (CCH) 888; T.C.M. (RIA) 71216; August 26, 1971, Filed Geza Korda, pro se, 2680 East 19th St.,Brooklyn, N. Y. Marwin A. Batt, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year *116 1966 in the amount of $248.45. The only issue for decision is whether petitioner is entitled to a deduction of $1,500 which he claimed on his return with the explanation that it would be "fully explained in the court." Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioner, whose legal residence on the date of the filing of the petition in this case was Brooklyn, New York, filed his individual Federal income tax return for the taxable year 1966 with the district director of internal revenue, New York, New York. Petitioner was employed during the year 1966 as a waiter. On his income tax return for that year he reported $3,001.04 as income from wages and tips. The only employment for which petitioner was compensated during the year 1966 was his work as a waiter. During 1966 and for some years prior thereto petitioner did certain research work in connection with trade relations between Hungary and the United States. Petitioner was Hungarian by birth but a number of years before 1966 became a naturalized citizen of the United States. Petitioner received no payment for his research work respecting trade relations between Hungary and the *117 United States. Petitioner viewed this work as a public service and estimated its value at $1,500. On his Federal income tax return for 1966 petitioner deducted $1,500 with the explanation that the "deduction will be fully explained in the court." Respondent in his notice of deficiency disallowed petitioner's claimed deduction of $1,500 with the explanation that, "it has not been established that it constitutes a deduction under any section of the Internal Revenue Code or that the deduction was incurred during the calendar year 1966." Opinion Petitioner is apparently contending that he should be considered as an organization exempt from tax under section 501, I.R.C. 1954, [1] and in the alternative that the $1,500 which he claimed as a deduction should be treated in the nature of a charitable contribution under section 170. Section 501 provides for exemption from taxation of "an organization described in subsection (c) or (d) or subsection 401(a)." Petitioner was an individual and not an organization described in any of these sections. Furthermore, he received no income from the research work which he testified *118 constituted a public service. Section 170(a)(1) provides for the allowance as a deduction of "any charitable contribution (as defined in subsection (c)) payment of which is made within the taxable year." Subsection (c) defines a charitable contribution as a "contribution or gift to or for the use of" organizations specifically listed in the various subsections of that subsection. Section 1.170-2(a)(2), Income Tax Regs., specifically provides that, "No deduction is allowable for contribution of services." Petitioner's claimed contribution is of services, and, therefore, even if petitioner had shown the services to have been rendered in the year 1966 and to have been rendered to an organization described in section 170(c), the deduction would not be allowable. However, petitioner has not shown that the research work he did was done in the year 1966 and has not shown that this work benefited any organization described in section 170(c). On the basis of this record, petitioner has totally failed to establish that the deduction of $1,500 which he claimed for the year 1966 is allowable under any provision of the Internal Revenue Code. Decision will be entered for respondent. 890 *119 Footnotes
1. All references are to the Internal Revenue Code of 1954.↩